IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.  4:17-CR-00131-BRW-1
 4:20-CV-00750-BRW

TIMOTHY JOSEPH NESDAHL

### ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 54) is DENIED.

### I. BACKGROUND

On February 7, 2019, Petitioner pled guilty to possession with intent to distribute methamphetamine.[1] On May 16, 2019, he was sentenced to 120 months in prison.[2] Petitioner did not appeal his sentence. In his Plea Agreement, Petitioner waived his right to appeal or collaterally attack any non-jurisdictional issues in a § 2255 petition except on the basis of ineffective assistance of counsel.[3]

On June 16, 2020, Petitioner filed the pending motion under § 2255 alleging ineffective assistance counsel.[4] Petitioner says that his lawyer failed to challenge an allegedly illegal search of his home and vehicle. Petitioner claims he would not have been convicted otherwise because the Government could not use seized FexEx packages as evidence.[5]

---

[1] Doc. Nos. 34, 35.

[2] Doc. Nos. 40, 42.

[3] Doc. No. 35.

[4] Doc. No. 54.

[5] *Id*.

1

## II.   DISCUSSION

### A.   Statute of Limitations

There is a one-year statute of limitations for actions brought under 28 U.S.C. § 2255.[6] Since Petitioner did not file an appeal, his one-year filing period commenced on June 1, 2019[7] and expired on June 1, 2020.[8]  The motion was filed June 16, 2020, so it appears untimely.[9]

The petition is dated either May or June 11, 2020.[10] It is possible Petitioner placed the petition in the prison mail system before June 1, 2020, though he provides no evidence in support.[11] Additionally, Petitioner has provided no reasons supporting equitable tolling of the statute of limitations.[12]

### B.   Ineffective Assistance

Even if Petitioner's motion was timely, it would be denied.  To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[13]  He must identify the acts or omissions of

---

[6]28 U.S.C. § 2255, ¶6.

[7]The Judgment was filed on May 17, 2019.

[8]Unappealed federal criminal judgments become final when the time for filing a direct appeal expires.  See *Anijulo-Lopez v. United States*, 541 F.3d 814, n. 2 (8th Cir. 2008).  The time for filing a notice of appeal in a criminal case is 14 days after the entry of the judgment.  See FED. R. CRIM. P. 4(b)(A).

[9]Doc. No. 54.

[10]Doc. No. 54, pp. 6-7.

[11]See *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (The prison mailbox rule applies to pro se § 2255 motions.)

[12]See *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005).

[13]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

counsel that are alleged to have been the result of unreasonable professional judgment.[14] Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[15] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[16]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[17] This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[18]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[19]

### 1. Deficient Performance

Petitioner asserts that he received ineffective assistance of counsel because his lawyer failed to challenge an allegedly illegal search of Petitioner's home and vehicle. The record shows the futility and irrelevance of such a challenge.

A law enforcement task force seized a package from FedEx containing suspected methamphetamine in vacuum-sealed bags.[20] The vacuum-sealed bags contained over 650 grams

---

[14]*Strickland*, 466 U.S. at 690.

[15]*Id.*

[16]*Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[17]*Strickland*, 466 U.S. at 694.

[18]*Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[19]*Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[20]Presentence Investigation Report, ¶7.

of actual methamphetamine.[21] After a controlled delivery, law enforcement observed Petitioner exit the residence with the FedEx package and drive away.[22] Law enforcement then conducted a traffic stop and arrested Petitioner.

After he was Mirandized, Petitioner admitted the package of over 650 grams of methamphetamine was his and he had additional methamphetamine and a gun at his residence.[23] A search of Petitioner's residence turned up drug ledgers, a loaded handgun, bundles of cash, suspected methamphetamine, suspected marijuana, a syringe, digital scale, and other paraphernalia.[24]

The Government charged Petitioner with possession with intent to distribute methamphetamine, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm.[25] The Government dismissed the possession of a firearm in furtherance of a drug trafficking crime and felon in possession of a firearm charges.

Petitioner entered a guilty plea to one count of possession with intent to distribute methamphetamine.[26] Petitioner's guilty plea concerned a base level offence of over 500 grams.[27] The Government seized more than 500 grams of methamphetamine from FedEx, before Petitioner's arrest or any search of his vehicle or residence. None of the other seized evidence impacted Petitioner's conviction or sentence.

---

[21]Doc. No. 35, p. 5.

[22]*Id.*

[23]Presentence Investigation Report, ¶7.

[24]*Id.*

[25]Doc. No. 1.

[26]Doc. Nos. 34, 35.

[27]Presentence Investigation Report, ¶13.

In this case, law enforcement made a controlled delivery and watched Petitioner exit a residence with the subject package and get into his vehicle. Petitioner then voluntarily admitted to possessing the subject methamphetamine. Challenging the traffic stop or Petitioner's voluntary admission would have been futile. Counsel is not ineffective for failing to pursue a suppression motion that he or she reasonably believes would be futile.[28]

### 2. Prejudice After a Guilty Plea

Assuming there was deficient performance (there was not), Petitioner cannot establish prejudice. "Where the conviction was entered on the basis of a guilty plea . . . the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[29]

Petitioner has not asserted that he would not have pleaded guilty, but for his lawyer's alleged errors. Even if his lawyer attempted to suppress the fruits of the vehicle and residence search, none of the evidence first obtained from a search of Petitioner's vehicle or residence was necessary to support the conviction. Petitioner entered a guilty plea for possession with intent to deliver over 500 grams of methamphetamine. The Government seized over 650 grams of methamphetamine from FedEx before the vehicle or residence searches. The Government dismissed the charges related to the gun Petitioner admitted to illegally possessing.

Petitioner noted he was satisfied with the representation of this attorney in this case.[30] At the plea hearing, Petitioner informed the Court that he had read the plea agreement, understood it

---

[28]*Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).

[29]*Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[30]Doc. No. 35, p. 13.

fully, and had talked to her lawyers about it.[31]  Petitioner understood that in a best case scenario, he must serve a minimum of 120 months.[32]  Petitioner was 100% satisfied with his lawyer.[33]

The same is true at sentencing. Petitioner was 100% satisfied with his lawyer and did not want to withdraw his guilty plea.[34]  He received a downward variance from a sentencing range of 168-210 months to the minimum possible sentence of 120 months.

Based on the record, Petitioner's lawyer was not deficient, and even if he was, Petitioner cannot establish prejudice.  Petitioner has presented no evidence or credible argument that there was a "reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial."  Petitioner failed to show deficient performance by counsel or prejudice, because he did not show that the evidence would have been suppressed.[35]

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 54) is DENIED.

IT IS SO ORDERED this 23rd day of June, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[31]Doc. No. 34, pp. 7-8.

[32]*Id*. at pp. 3-4.

[33]*Id*. at p. 3.

[34]Doc. No. 40, p. 2.

[35]See *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574 (1986) (where ineffective-assistance allegation is that counsel failed to competently litigate Fourth Amendment claim, petitioner must demonstrate prejudice by proving that Fourth Amendment claim is meritorious and that there is reasonable probability that verdict would have been different absent excludable evidence).