**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                              **4:17-CR-00131-BRW-1**

**TIMOTHY JOSEPH NESDAHL**

**ORDER**

For the reasons set out below, Defendant's second Motion for Compassionate Release (Doc. No. 57) is DENIED.

**I.      BACKGROUND**

On February 7, 2019, Petitioner pled guilty to possession with intent to distribute methamphetamine.[1] On May 16, 2019, he was sentenced to 120 months in prison.[2] Petitioner did not appeal his sentence.

**II.     DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Defendant asserts that he is at a higher risk of contracting COVID-19 and suffering serious illness or death because he has hypertension, asthma, and acide reflux.[4] First, these

---

[1] Doc. Nos. 34, 35.

[2] Doc. Nos. 40, 42.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] Doc. No. 1226.

1

health issues are not severe enough to be "extraordinary and compelling." Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] None of Defendant's health issues are listed. In fact, Defendant's health issues are common to most men his age and there is nothing extraordinary and compelling about them.[6] Notably, Defendant's asthma has not prevented him from smoking marijuana since age 12. Defendant has neither asserted nor provided evidence that his health conditions cannot be controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 49 years old and has served only a year of his 10-year sentence, which means he does not meet the age or minimum served-time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 20, Defendant has eight convictions, which include possession of marijuana, possession methamphetamine, passing hot checks, theft by receiving, manufacturing of methamphetamine, and possession with intent to distribute methamphetamine. Defendant has a long history of drug use that has only increased over time.

Also relevant is the conduct for the instant offense. A law enforcement task force seized a package from FedEx containing suspected methamphetamine in vacuum-sealed bags.[8] The bags contained over 650 grams of actual methamphetamine.[9] Defendant was arrested, and during a search of his residence, officers found additional methamphetamine, drug ledgers, a loaded handgun, bundles of cash, suspected marijuana, a syringe, digital scales, and other paraphernalia.[10]

## CONCLUSION

For the reasons set out above, Defendant's Motion for Compassionate Release (Doc. No. 57) is DENIED.

IT IS SO ORDERED, this 6th day of July, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] Presentence Investigation Report.

[9] Doc. No. 35, p. 5.

[10] *Id*.